

# NUMBER 13-14-00297-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| ALEJANDRO BARRIENTES, | Appellant, |
|---|---|
| v. | |
| THE STATE OF TEXAS, | Appellee. |

### On appeal from the 107th District Court
### of Cameron County, Texas.

# ORDER OF ABATEMENT

## Before Justices Rodriguez, Benavides, and Perkes
## Order Per Curiam

Appellant, Alejandro Barrientes, has filed a notice of appeal with this Court from his conviction in trial court cause number 2013-DCR-657-A. The trial court's certification of the defendant's right to appeal shows that the defendant does not have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2).

On May 27, 2014, we ordered appellant's counsel, Larry Warner, to, within thirty days, review the record and advise this Court as to whether appellant has a right to appeal. *See* TEX. R. APP. P. 44.3, 44.4. No response to this Court's order was received and this case was abated and remanded to the trial court. The trial court determined that counsel would be able to respond to this Court's order within thirty (30) days after receiving the complete reporter's record and the clerk's record. The clerk's record was filed on June 20, 2014 and the reporter's record was filed on September 15, 2014. Counsel was notified on September 15, 2014 that the reporter's record was filed and was directed to respond to the order dated May 27, 2014 within thirty days from the date of the notice. No response has been received.

Accordingly, we ABATE this appeal and REMAND this cause to the trial court for a hearing to determine why counsel has failed to comply with this Court's order. The trial court's findings and conclusions shall be included in a supplemental clerk's record. The trial court shall file the supplemental clerk's record and reporter's record, if any, with the Clerk of this Court within thirty days of the date of this order.

If the trial court determines that counsel is unable to represent appellant in this matter, the trial court shall conduct a hearing to determine whether appellant desires to prosecute the appeal, whether appellant is indigent, and whether appellant is entitled to appointed counsel. *See Penson v. Ohio*, 488 U.S. 75, 83-84 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We further direct the trial court to issue findings of fact and conclusions of law regarding these issues. Should the trial court find that appellant desires to pursue this appeal, is indigent, and is entitled to appointed

2

counsel, the trial court shall appoint counsel.   If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the trial court's findings of fact and conclusions of law.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
4th day of November, 2014.